[L.A. No. 30478. May 27, 1976.]

JED L. KELSON, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Jed L. Kelson, in pro. per., for Petitioner.

Herbert M. Rosenthal and Stuart A. Forsyth for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that petitioner be suspended from the practice of law for one year. Petitioner, who was admitted to practice in January 1966, has no prior record of discipline.

In a notice to show cause, petitioner was charged with attempting to solicit professional employment from Euolah Lopez, personally, as well as through the use of lay intermediaries. The local administrative

committee unanimously found that petitioner's actions constituted a knowing and willful violation of rules 2 and 3 of the Rules of Professional Conduct of the State Bar of California[1] and recommended that he be suspended from the practice of law for one year. The board adopted both the committee's findings of fact and its recommendation for discipline.

During the April-May 1972 time period when the events in question took place, petitioner employed David Tardiff, a disbarred attorney (*Tardiff* v. *State Bar* (1971) 3 Cal.3d 903 [92 Cal.Rptr. 301, 479 P.2d 661]), as his legal assistant. He also employed Doris Wilson, a former client and co-worker at a previous firm, as his regular investigator.

Petitioner first heard about the Lopez matter when Wilson called and asked if he would be interested in handling a personal injury case for Euolah Lopez's two daughters who had been involved in an automobile accident. Petitioner told Wilson that he would accept the matter but made no effort to determine whether she knew the Lopezes personally or how she had become acquainted with the case. Shortly thereafter, petitioner attempted to contact Ms. Lopez but was unable to reach her and so instructed Tardiff to call her.

Tardiff contacted Ms. Lopez on April 21, 1972, and explained that he had heard that she wished to retain Mr. Kelson as legal counsel in her daughters' personal injury case. Ms. Lopez stated, however, that she had made no firm decision about hiring an attorney because she wished to discuss the matter with her husband first.

On April 25, 1972, Doris Wilson visited the Lopez home and attempted to question Ms. Lopez about the circumstances surrounding

---

[1] New and renumbered Rules of Professional Conduct were approved by this court on December 31, 1974, and became effective January 1, 1975. However, the adoption of such [new] rules does not constitute a bar to a proceeding theretofore or thereafter commenced for an alleged violation of the Rules of Professional Conduct in effect prior to January 1, 1975 (*Jackson* v. *State Bar* (1975) 15 Cal.3d 372, fn. 1 at p. 374 [124 Cal.Rptr. 185, 540 P.2d 25]; *Tomlinson* v. *State Bar* (1975) 13 Cal.3d 567, fn. 1, at p. 569 [119 Cal.Rptr. 335, 531 P.2d 1119]). Petitioner's activities with respect to the Lopez matter took place from April to May 1972; therefore, rules 2 and 3 of the pre-January 1, 1975, Rules of Professional Conduct remain applicable.

Rule 2 provides, in relevant part: "A member of the State Bar shall not solicit professional employment by advertisement or otherwise."

Rule 3 provides, in relevant part: "A member of the State Bar shall not employ another to solicit or obtain, or remunerate another for soliciting or obtaining, professional employment for him . . . ."

her daughters' accident. After Wilson gave Ms. Lopez petitioner's business card, an authorization form and a retainer agreement, she contacted Tardiff who encouraged Ms. Lopez to meet and discuss the case with petitioner and himself.

On May 2, 1972, petitioner, Tardiff and Wilson proceeded together to the Lopez home for the meeting Tardiff had arranged. After discussing circumstances surrounding the accident, Tardiff carefully set forth petitioner's fee schedule. Petitioner then gave the Lopezes his card and explained that what he desired at that time was to have the family sign his retainer agreement and authorization forms so that he could begin working on their case.

■ In testifying before the local administrative committee, petitioner maintained that he did not solicit the Lopez case, but rather proceeded to contact Ms. Lopez and attend the meeting at her home on the basis of his belief that Wilson was a friend of the prospective client. The committee, however, assailed petitioner's credibility and specifically rejected the assertion that his involvement in the Lopez case was either innocent or naive.

As we have repeatedly stated, when its findings rest primarily on testimonial evidence, we are reluctant to reverse the decision of the local administrative committee which was in a better position to evaluate conflicting statements after observing the demeanor of the witnesses and the character of their testimony (*Zitny* v. *State Bar* (1966) 64 Cal.2d 787, 790 [51 Cal.Rptr. 825, 415 P.2d 521]; *Werner* v. *State Bar* (1939) 13 Cal.2d 666, 676-677 [91 P.2d 881]). In fact, the record in the present case amply supports the committee's finding that petitioner acted personally as well as through Tardiff and Wilson to solicit the Lopez case.

As the committee concluded, there was no prior relationship between Wilson and Ms. Lopez before Wilson visited the Lopez home on April 25, 1972. Petitioner, however, did not even attempt to ascertain how Wilson had become acquainted with the Lopez matter but proceeded to have Tardiff contact Ms. Lopez and accompanied both Tardiff and Wilson to the Lopez home for the May 2, 1972, meeting. Petitioner was present when Tardiff encouraged the Lopezes to retain petitioner because "he could get [them] more money" and petitioner himself informed the family that he specialized in personal injury cases but could do nothing on their case until they signed a retainer agreement. Petitioner also gave Ms. Lopez his business card and urged her to contact

him if she had any questions. These actions clearly support the findings that petitioner attempted to solicit professional employment from Euolah Lopez in violation of rules 2 and 3 of the Rules of Professional Conduct of the State Bar.

In addition to the findings of solicitation, the State Bar now argues, inter alia, that petitioner willfully violated former rule 3 of the Rules of Professional Conduct by aiding and abetting Tardiff in holding himself out as licensed to practice law in California. It is a violation of procedural due process, however, for the State Bar to now attempt to amend its charges on the basis of either petitioner's or Tardiff's testimony before the local committee without having given petitioner notice of the charge and an opportunity to respond.

With respect to the question of the appropriate discipline to be imposed, it is established that each case must be decided on its own facts; and while recommendations of the committee and the board are entitled to great weight, the ultimate determination rests with this court (*Toll* v. *State Bar* (1974) 12 Cal.3d 824, 831 [117 Cal.Rptr. 427, 528 P.2d 35]).

In the present case, there are mitigating factors which lead us to conclude that a lesser penalty than that recommended is appropriate. Petitioner has no prior disciplinary record (*In re Higbie* (1972) 6 Cal.3d 562, 573 [99 Cal.Rptr. 865, 493 P.2d 97]) and has expressed remorse for his conduct with respect to the Lopez matter as well as a determination to avoid future transgressions (*Toll* v. *State Bar, supra,* 12 Cal.3d 824, 832). Moreover, since the time of the Lopez incident, petitioner has released both Doris Wilson and David Tardiff from his staff. In view of these factors, particularly petitioner's recognition of the wrongfulness of his actions, we are persuaded that a six-month period of actual suspension is adequate.

Accordingly, it is ordered that petitioner be suspended from the practice of law for a period of six months. It is also ordered that prior to the end of petitioner's actual period of suspension, he pass the professional responsibility examination (see *Segretti* v. *State Bar* (1976)

15 Cal.3d 878, 891 fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929]), and, further, that he comply with rule 955 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days respectively after the effective date of this order. This order is effective 30 days after the filing of this opinion.

On July 15, 1976, the opinion was modified to read as printed above.